**Mun S. SEIFERT, Plaintiff–Appellant,**

v.

**ESKIMOS, INC., Defendant–Appellee.**

No. 14–35777.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 13, 2015.

Filed Sept. 18, 2015.

John C. Pharr, Esquire, Law Offices of John C. Pharr, Anchorage, AK for Plaintiff–Appellant.

Bruce A. Moore, Landye, Bennett, Blumstein, LLP, Anchorage, AK, for Defendant–Appellee.

Before: SCHROEDER, RAWLINSON, and MURGUIA, Circuit Judges.

MEMORANDUM *

Appellant Mun S. Seifert (Seifert) appeals the district court's order granting defendant-Appellee Eskimos, Inc.'s motion to dismiss. Seifert contends that the district court erred in finding that Seifert had not pled facts giving rise to an enforceable lease.

The unambiguous language of the lease and the Alaska Statute of Frauds required any extension over one year to be in writing. *See* Alaska Stat. § 09.25.010(a)(6), (b) (requiring leases that exceed one year to be committed to writing). No legal or equitable exception negated that requirement in this case. *Cf.* Alaska Stat. § 09.25.020 (providing that full performance by one party accepted by the other according to the terms of the contract is a statutory exception to the Statute of Frauds); *Mitchell v. Land*, 355 P.2d 682, 686 (Alaska 1960) (recognizing part performance as an exception to the Statute of Frauds).

Even if the prior owner equitably waived its contractual right to demand a signed writing, Seifert cited no authority suggesting that the prior owner's waiver binds successors in interest. In addition, Seifert made no persuasive argument that a verbal promise to extend a contractual lease should be construed to run with the land. *See* Restatement (Second) of Prop.: Landlord & Tenant § 16.1 (suggesting that only an express promise in a lease runs with the land).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.